5333/WEC Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO:

ROYAL & SUN ALLIANCE INSURANCE PLC
A/S/O FERROATLANTICA, S.A. and
FERROATLANTICA DE MEXICO S.A. DE C.V.,

    Plaintiff,

vs.

SCM LINES TRANSPORTES MARITIMOS, LDA and
SCM LINES TRANSPORTES MARITIMOS SOCIEDAD
UNIPESSOAL, LDA d/b/a SCM LINES, in personam
and the M/V "SCM FEDRA",
her engines, tackles, boilers, etc., in rem,

    Defendants.
_____/

**VERIFIED COMPLAINT**

COMES NOW the Plaintiff, ROYAL & SUN ALLIANCE INSURANCE PLC a/s/o FERROATLANTIC, S.A. and FERROATLANTICA DE MEXICO S.A. DE C.V. (hereinafter "R&SA" or the "Plaintiff") by and through the undersigned attorneys, and sues the Defendants, SCM LINES TRANSPORTES MARITIMOS, LDA and SCM LINES TRANSPORTES MARITIMOS SOCIEDAD UNIPESSOAL, LDA, in personam, and the M/V "SCM FEDRA", her engines, tackles, boilers, etc., in rem and alleges that:

1.    This is a claim of Admiralty and Maritime Jurisdiction as hereinafter more fully appears, and is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The Plaintiff, ROYAL & SUN ALLIANCE INSURANCE PLC (hereinafter "R&SA") is a foreign corporation with headquarters in London with a branch office in Madrid, Spain, was and is the insurer of the cargos described herein, against whom claims have been presented and paid, and is subrogated thereto and is entitled to maintain this action.

3. FERROATLANTIC, S.A. and FERROATLANTICA DE MEXICO S.A.DE C.V., are foreign corporations, with offices in Middleburg Heights, Ohio and Monterrey, Nuevo Leon, Mexico, respectively and were the purchasers, owners and/or consignees of the cargo described herein, suffered losses to the cargo, presented claims to their insurer, R&SA and were paid.

4. The Plaintiff brings this action on its behalf and as assignee and/or agent and/or trustee on behalf of all parties that may be or may become interested with respect to said cargos as their respective interests may ultimately appear, and are entitled to maintain this action.

5. The Defendant, SCM LINES TRANSPORTES MARITIMOS, LDA, is a foreign corporation believed to be located in the Port of Palua, Venezuela, and with an agent's office in Miami-Dade County, Florida and was and is doing business in Miami-Dade County Florida as a non-vessel owing and/or vessel operating common carrier of merchandise-by-water-for-hire and at all times material hereto was the operator, manager and/or charterer of the M/V "SCM FEDRA".

6. The Defendant, SCM LINES TRANSPORTES MARITIMOS SOCIEDAD UNIPESSOAL, LDA, (hereinafter together with SCM LINES TRANSPORTES MARITIMOS, LDA are collectively referred to as 'SCM LINES") is a foreign corporation believed to be located in the Port of Palua, Venezuela and with an agent's office in Miami-Dade County, Florida

doing business in Miami-Dade County, Florida as a non-vessel owing and/or vessel operating common carrier of merchandise-by-water-for-hire and at all times material hereto was the operator, manager and/or charterer of the M/V "SCM FEDRA".

7.  On or about April 6, 20012, at the Port of Palua, Venezuela, SCM LINES accepted four (4) shipments of bulk and big bagged cargo consisting of 1,850 T; 1,200 T; 700 T; and 410 T of Ferrosilicon respectively, for transportation to Ferroatlantica de Mexico S.A. de C.V. in Tampico, Mexico. See SCM LINES's Bills of Lading No. SCMFPALTAP00154, SCMFPALTAP00155, SCMFPALTAP00156 and SCMFPALTAP00157, attached hereto as Composite Exhibit "A".

8.  On or about April 6, 20012, at the Port of Palua, Venezuela, SCM LINES accepted two (2) shipments of bulk and big bagged cargo consisting of 1,750 T and 2,500 T of Ferrosilicon respectively, for transportation to Ferroatlantica S.A. in New Orleans, Louisiana. See SCM LINES's Bills of Lading No. SCMFPALNOL00196 and SCMFPALNOL00197, attached hereto as Composite Exhibit "B".

9.  At the time of receipt by SCM LINES said cargos were in good order and sound condition and as evidence thereof SCM LINES issued the attached Bills of Lading without exceptions. Clause 5 of said Bills of Lading contained the following:

> 5. Laws and Jurisdiction. This contract shall be construed and governed by the United States Law and any suit filed against the Carrier for any cause arising out of this contract shall be filed in the District Court of the United States, Southern District of Florida, which Court shall by this agreement have exclusive jurisdiction of such suits.

However, Clause 23 of said Bills of Lading also calls for arbitration in Miami, Florida.

10. Upon information and belief, on or after April 6, 2012, much of the cargo suffered damages when the cargo was subject to contamination due to a leak of fuel oil inside the wells of the M/V "SCM FEDRA".

11. As a result thereof, the cargo was substantially damaged and the Plaintiff has suffered damages in the amount of;

| | |
|---|---|
| Tampico, Mexico | $ 394,308.03 |
| New Orleans | 128,350.00 |
| Total Damages | 522,658.03 |
| Less Salvage | (107,019.00) |
| Net Claim Amount | $ 415,639.03 |

The Plaintiff reserves the right to amend this amount at the time of trial.

12. The M/V "SCM FEDRA" is now or will be during the pendency of this action within the Admiralty and Maritime Jurisdiction of this Court.

13. That Plaintiff has complied with all conditions precedent to the bringing of this action.

### *COUNT I*

The Plaintiff realleges and repeats paragraphs 1 through 13 as if set forth herein at length and alleges further that:

14. The Defendants contracted and agreed to deliver said cargo in the same good order and condition as when received and as evidence of that agreement SCM LINES issued the Bills of Lading copies of which are attached hereto as Composite Exhibits "A" and "B".

15. The Defendants breached their contract of carriage by failing to deliver the cargo in the same good order and condition as when received.

16. As a result thereof, the Plaintiff has been damaged in the total amount of Four Hundred Fifteen Thousand Six Hundred Thirty Nine and 03/100 ($415,639.03) Dollars. The Plaintiff reserves the right to amend this amount at the time of trial.

## *COUNT II*

The Plaintiff realleges and repeats paragraphs 1 through 13, as if set forth herein at length and alleges further the following:

17. The Defendants and said vessel accepted said cargo so shipped and delivered to said Defendants and in consideration of certain freight charges, paid or agreed to be paid, agreed to transport said shipment from the Port of Palua, Venezuela to the Ports of Tampico, Mexico and New Orleans, LA via the M/V "SCM FEDRA" and to deliver the same in like good order and condition as when shipped, delivered to and received by said vessel and by said Defendants all in accordance with valid terms of the aforementioned bills of lading then and there signed and delivered to the shipper by the Master and/or agents of said vessel and said Defendants.

18. Thereafter, the Defendants, SCM LINES, loaded or caused to be loaded said cargos on board the M/V "SCM FEDRA" and the vessel having said cargos on board, sailed from Port of Paula, Venezuela with destination to Tampico, Mexico and New Orleans but during the transportation thereof the Plaintiff's cargo suffered damages.

19. As a result thereof, the Plaintiff has been damaged in the amount of Four Hundred Fifteen Thousand Six Hundred Thirty Nine and 03/100 ($415,639.03)Dollars. The Plaintiff reserves the right to amend this amount at time of trial.

20. By reason of these premises, the Plaintiff has a maritime lien on the M/V "SCM FEDRA".

**WHEREFORE**, the Plaintiff, ROYAL & SUN ALLIANCE INSURANCE PLC a/s/o FERROATLANTIC, S.A. and FERROATLANTICA DE MEXICO S.A. DE C.V., pray for the following:

A) Process in due form of law according to the rules and practice of this Court in causes in Maritime and Admiralty Jurisdiction may issue against Defendants, SCM LINES TRANSPORTES MARITIMOS, LDA and SCM LINES TRANSPORTES MARITIMOS SOCIEDAD UNIPESSOAL, LDA, <u>in personam,</u> and the M/V "SCM FEDRA", her engines, tackles, boilers, <u>in rem</u>, citing all persons claiming an interest to appear and under oath answer all and singular the matters stated above,

B) Warrant of Arrest be issued against the M/V "SCM FEDRA", her engines, tackles, boilers, appurtenances, etc., and that this Court order and adjudge that the M/V "SCM FEDRA" be condemned and sold to pay the amount due the Plaintiff, ROYAL & SUN ALLIANCE INSURANCE PLC a/s/o FERROATLANTIC, S.A. and FERROATLANTICA DE MEXICO S.A. DE C.V., together with prejudgment interest, costs and for such further relief that justice may require and that the Court may deem just and proper and further, and

C)	Judgment be entered against the Defendants, in favor of the Plaintiff in the amount of Four Hundred Fifteen Thousand Six Hundred Thirty Nine and 03/100 ($415,639.03)Dollars or as otherwise determined by this Court together with prejudgment interest, costs and such other relief as this Court may deem just and proper.

May 22, 2014  
Miami, Florida

Respectfully Submitted,

By: *S/William E. Cassidy*  
WILLIAM E. CASSIDY, ESQUIRE  
F.B.N. FBN 266477  
e-mail: wcassidy@marlaw.com  
CASSIDY & BLACK, P.A.  
7700 North Kendall Drive, Suite 505  
Miami, Florida 33156  
Tel:	(305) 271-8301  
Fax:	(305) 271-8302  
*Attorneys for Plaintiff*